EXHIBIT

*tabbies*

A

SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

Fatima Ali  vs.  City of Fairfax, et al.

CL-2014-0010547

TO:     John Doe #2
        City of Fairfax CUE Bus Supervisor
        Serve: Brian J. Lubkeman, Esq.
        City Attorney
        Office of the City Manager, Room 316
        10455 Armstrong Street
        Fairfax VA 22030

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified
that unless within 21 days after such service, response is made by filing in the Clerk's office
of this Court a pleading in writing, in proper legal form, the allegations and charges may be
taken as admitted and the court may enter an order, judgment or decree against such party
either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on August 14, 2014.

                        JOHN T. FREY, CLERK
                        By: Deisy M. Estrez
                              Deputy Clerk

Plaintiff's Attorney:  Anna K Dvorchik

VIRGINIA:

**IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX**
Civil Division

FILED
CIVIL INTAKE

2014 AUG 11  PM 3: (

JOHN T. FREY
CLERK. CIRCUIT COUP
FAIRFAX. VA

FATIMA ALI,                                      )
                                                 )
            Plaintiff,                           )
                                                 )
    v.                                           )
                                                 )
CITY OF FAIRFAX                                  )
Serve:  Brian J. Lubkeman, Esq.                  )
            City Attorney                        )
            Office of the City Manager           )
            Room 316                             )
            10455 Armstrong Street               )
            Fairfax, VA 22030                    )
                                                 )   Civil Action No. **2014   10547**
            And                                  )
                                                 )
JOHN DOE #1                                      )
City of Fairfax CUE Bus Driver                   )
Serve:  Brian J. Lubkeman, Esq.                  )
            City Attorney                        )
            Office of the City Manager           )
            Room 316                             )
            10455 Armstrong Street               )
            Fairfax, VA 22030                    )
                                                 )
            And                                  )
                                                 )
JOHN OR JANE DOE #2                              )
City of Fairfax CUE Bus Supervisor               )
Serve:  Brian J. Lubkeman, Esq.                  )
            City Attorney                        )
            Office of the City Manager           )
            Room 316                             )
            10455 Armstrong Street               )
            Fairfax, VA 22030                    )
                                                 )
            And                                  )
                                                 )
WENDY BLOCK SANFORD                              )
City of Fairfax Transportation Director          )
Serve:  Brian J. Lubkeman, Esq.                  )
            City Attorney                        )
            Office of the City Manager           )
            Room 316                             )
            10455 Armstrong Street               )
            Fairfax, VA 22030                    )

```
                And                      )
                                         )
DAVID SUMMERS                            )
City of Fairfax Director of Public Works )
Serve:  Brian J. Lubkeman, Esq.          )
        City Attorney                    )
        Office of the City Manager       )
        Room 316                         )
        10455 Armstrong Street           )
        Fairfax, VA 22030                )
                                         )
                Defendants.              )
```

## COMPLAINT

The Plaintiff, FATIMA ALI, ("Mrs. Ali"), by counsel, moves this Court for judgment and states as follows:

### Parties

1.      The Plaintiff, Mrs. Ali, is a resident of Prince George's County within the State of Maryland.

2.      The Defendant, CITY OF FAIRFAX, ("Defendant City), is a municipal corporation located within the boundaries of the County of Fairfax in the Commonwealth of Virginia.

3.      The Defendant, JOHN DOE #1, ("John Doe #1"), is an unknown employee of Defendant City, employed as a driver of a City University Energysaver Bus ("CUE Bus").

4.      The Defendant, JOHN OR JANE DOE #2, ("John/Jane Doe #2"), is an unknown employee of Defendant City, employed as a CUE Bus Driver Supervisor.

5.      The Defendant, WENDY BLOCK SANFORD, ("Defendant Sanford"), is employed by Defendant City as its Transportation Director.

6.      The Defendant, DAVID SUMMERS, ("Defendant Summers"), is employed by Defendant City as its Director of Public Works.

2

## Jurisdiction

7.      The Circuit Court for the County of Fairfax has subject matter jurisdiction as all relevant events occurred within the Commonwealth of Virginia.

8.      The Circuit Court of the County of Fairfax has personal jurisdiction over the Defendants pursuant to Va. Code Ann. § 8.01-328.1.

9.      The Circuit Court of the County of Fairfax is the proper venue for this action pursuant to Va. Code Ann. § 8.01-262.

## CUE Bus

10.     The Defendant City's local transit system is the City University Energysaver, or "CUE Bus", which is owned and operated by the Defendant City and partially funded by George Mason University.

11.     The Transportation Department within the Department of Public Works of Defendant City is responsible for all functions of the CUE bus system.

12.     The CUE Bus fleet mainly operates within the boundaries of the Defendant City.

13.     The CUE Bus routes also extend into the adjacent area of Fairfax County to the Vienna/Fairfax-GMU Metrorail Station located at 9550 Saintsbury Drive in Fairfax, Virginia 22031.

14.     All CUE buses within the fleet are maintained and operated by employees of Defendant City.

## Facts

15.     Paragraphs 1 through 14 are hereby realleged, reaffirmed and incorporated herein by reference.

16.     On the afternoon of August 31, 2012, Mrs. Ali was a paying passenger on a CUE Bus operated by John Doe #1.

3

17.     Mrs. Ali had boarded the CUE Bus at the bus stop at or near 4081 University Drive in the City of Fairfax between approximately 2:00 p.m. and 2:30 p.m.

18.     The CUE Bus driven by John Doe #1 was transporting approximately four other passengers.

19.     Within a few minutes of boarding, Mrs. Ali requested to disembark.

20.     John Doe #1 stopped the CUE Bus at the bus stop at or near 3903 Chain Bridge Road so Mrs. Ali could disembark.

21.     As Mrs. Ali was exiting the bus, John Doe #1 closed the bus door and trapped Mrs. Ali's left arm between her elbow and shoulder in the bus door.

22.     After closing the door and trapping Mrs. Ali's arm, John Doe #1 proceeded to drive the CUE Bus north on Chain Bridge Road.

23.     With her arm trapped, Mrs. Ali had no choice but to run beside the bus to keep from being dragged.

24.     As Mrs. Ali ran beside the bus, she continuously pounded on the door and shouted to try to get the attention of John Doe #1.

25.     John Doe #1 was wearing headphones and could not hear Mrs. Ali's cries for help or hear her pounding on the door.  John Doe #1 continued to drive.

26.     An unidentified CUE Bus passenger noticed Mrs. Ali's plight and was able to get the attention of John Doe #1 to alert him to stop the bus.

27.     After the passenger alerted him, John Doe #1 abruptly stopped the bus near the intersection of Chain Bridge Road and Kenmore Drive and opened the bus door to release Mrs. Ali's arm.

28.     When the bus abruptly stopped, Mrs. Ali's body was slammed against the side of the bus.  When the door opened and her arm was released, Mrs. Ali fell to the ground.

4

29.     The unidentified passenger exited the bus and assisted Mrs. Ali. He told her that he was the one who alerted John Doe #1 to stop the bus and that it was lucky he had seen her.

30.     John Doe #1 also exited the bus to inquire about Mrs. Ali's welfare. The unidentified passenger and John Doe #1 helped Mrs. Ali to sit on the bus step.

31.     John Doe #1 then called to report the incident to an unknown individual.

32.     Shortly thereafter, two officers from the City of Fairfax Police Department arrived at the scene. The officers assisted Mrs. Ali to a nearby bench at the bus stop located at or near 3747 Chain Bridge Road and interviewed John Doe #1 and the other passengers on the CUE Bus.

33.     Emergency medical staff from the City of Fairfax Fire & Rescue treated Mrs. Ali at the scene and transported her by ambulance to the INOVA Emergency Care Center located at 4315 Chain Bridge Road in the City of Fairfax, Virginia 22030.

34.     By the time the bus stopped and her arm had been released, Mrs. Ali, who had been wearing high-heel opened toe sandals, had been keeping pace with a moving bus for several minutes with temperatures and humidity in the 90's.

35.     Mrs. Ali was forced to run beside the CUE Bus for approximately two-tenths of a mile before the bus stopped. The route included a portion of Chain Bridge Road with sharp downhill turns in the road with little to no space on the shoulder for a pedestrian.

36.     As a direct and proximate result of the incident, Mrs. Ali sustained serious injuries, including, but not limited to, trauma to both upper extremities, a right rotator cuff tear, right wrist trauma, right elbow trauma, back strain, and contusions and lacerations to both of knees, arms, legs and feet.

37.     As a direct and proximate result of the incident, Mrs. Ali suffered from severe emotional distress, mental anguish and physical pain.

5

38.     As a direct and proximate result of the incident, Mrs. Ali incurred and continues to incur significant medical expenses in an effort to cure her injuries which were directly caused by the aforesaid incident.

### Cause of Action for Negligence (All Defendants)

39.     Paragraphs 1 through 38 are hereby re-alleged, reaffirmed and incorporated herein by reference.

40.     At all relevant times, Defendant City owned and maintained the CUE Bus in which Mrs. Ali was paying passenger.

41.     At all relevant times, John Doe #1 was an employee of Defendant City and was responsible for operating the CUE Bus in a safe and prudent manner to ensure the welfare of all passengers.

42.     At all relevant times, John/Jane Doe #2 was an employee of Defendant City and CUE Bus Supervisor and was responsible for training and supervising John Doe #1 in the operation of a CUE Bus in a safe and prudent manner to ensure the welfare of all passengers.

43.     At all relevant times, Defendant Sanford was an employee of Defendant City and its Director of the Transportation Division and was directly responsible for the management and operations of the CUE Bus transit system and its assigned personnel.

44.     At all relevant times, Defendant Summers was an employee of Defendant City and its Director of the Public Works Department under which the Transportation Division operated and ultimately responsible for the management and operations of the CUE Bus transit system and its assigned personnel.

45.     At the time and date of the accident, the defendants were under a duty to ensure the safety of CUE Bus passengers in all aspects of the bus operations, including, but not limited to, the safe debarkations of passengers.

46.    John Doe #1 violated the aforesaid duty to ensure the safety of his passengers by failing to pay attention as Mrs. Ali alighted from the bus and negligently closed the bus door on her arm.

47.    Upon information and belief, John Doe #1 also committed negligence *per se* by violating various provisions of the Code of Virginia, including, but not limited to, § 46.2-852 and § 46.2-1078 of the Code of Virginia.

48.    Upon information and belief, John/Jane Doe #2 violated his/her duty and committed negligence by his/her failure to ensure that John Doe #1 was properly trained in the safe operations of a CUE Bus and by his/her failure to properly supervise John Doe #1 and allow violations of the provisions of the Code of Virginia to occur.

49.    Upon information and belief, Defendant Sanford violated her duty and committed negligence by her failure to ensure that all CUE Bus-assigned personnel were properly trained in the safe operations of a bus and properly supervised to ensure the welfare of bus passengers.

50.    Upon information and belief, Defendant Summers violated his duty and committed negligence by his failure to ensure that the CUE Bus operations within the Transportation Division complied with adopted safety measures and committed negligence by his failure to ensure that safety measures were being followed to ensure the welfare of bus passengers.

51.    Defendant City is liable for the negligence of its employees, John Doe #1, John/Jane Doe #2, Defendant Sanford and Defendant Summers pursuant to the doctrine of *respondeat superior*.

52.    As a direct and proximate result of the foregoing breaches of duties by the defendants and the resultant incident, Mrs. Ali was caused to suffer damages which

7

include, but are not limited to, medical expenses, pain and suffering, loss in quality of life, and emotional distress.

53.     The residual effects of the injuries sustained by Mrs. Ali in the aforesaid incident, which was directly caused by the negligence of the defendants, have had and continue to have lasting effects on her ability to perform physical activities at the same level she enjoyed prior to the accident.

54.     The injuries sustained by Mrs. Ali in the aforesaid collision which was directly caused by the negligence of the defendants have had and continue to have lasting effects on her ability to perform her activities of daily living.

55.     The defendants, and no other party, were in exclusive control of the CUE Bus that caused Mrs. Ali to sustain serious injuries and emotional distress.

56.     Defendants owed Mrs. Ali, as a paying passenger, the duty to ensure her safe well-being when she alighted from the CUE Bus.

WHEREFORE, based on the foregoing allegations, the Plaintiff, FATIMA ALI, requests the following relief:

1.  That the Court grant the Plaintiff, FATIMA ALI, a judgment in the amount of SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000), jointly and severally, against the defendants;

2.  A judgment for prejudgment and post judgment interest;

3.  A judgment for her costs;

4.  Such other and further relief the Court deems necessary.

A JURY TRIAL IS HEREBY DEMANDED.

8

**FATIMA ALI**

By:   _____
                       Counsel

Scott A. Surovell, VSB #40278
Anna K. Dvorchik, VSB #65679
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
ssurovell@siplfirm.com
advorchik@siplfirm.com
*Counsel for Mrs. Ali*

9

VIRGINIA:

FILED
CIVIL INTAKE

2014 AUG 11  PM 3: 07

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX
Civil Division

|  |  |  |  |
|---|---|---|---|
| FATIMA ALI, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | Civil Action No. | **2014 . 10547** |
| | ) | | |
| CITY OF FAIRFAX, et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MRS. ALI'S FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF FAIRFAX

**TO:   CITY OF FAIRFAX**
      Serve:  Brian J. Lubkeman, Esq., City Attorney
      Office of the City Manager, Room 316
      10455 Armstrong Street
      Fairfax, VA 22030

The Plaintiff, FATIMA ALI ("Mrs. Ali") pursuant to Rule 4:8 of the Rules of the

Supreme Court of Virginia, propounds her First Set of Interrogatories upon the

Defendant CITY OF FAIRFAX, and hereby requests that the Defendant answer these

Interrogatories fully, separately, in writing and under oath, and provide its Answers to

Anna K. Dvorchik, Esq., at the law offices of SUROVELL ISAACS PETERSEN & LEVY,

P.L.C., 4010 University Drive, 2nd Floor, Fairfax, VA 22030, within twenty-eight (28)

days of their service upon you.  In responding to these requests, please furnish all

information available to you, including information possessed by any agent, employee,

or attorney representing you.

### Instructions

      (a)      These Interrogatories are to be considered ongoing, and you are

specifically requested to supplement your responses from time to time through the date

of trial to include information hereafter acquired, whether or not such after-acquired information would necessitate supplementation of responses under Rule 4:1(e).

(b)   Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence(s) or prayers for relief mentioned or complained of in the pleadings.

(c)   Where knowledge or information in possession of the party is requested, such request includes the knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, such party's attorneys.

<u>Definitions</u>

1.   The pronoun "you" refers to the party to whom these Interrogatories are addressed and the persons indicated in subparagraph (c), above.

2.   The term "document" means any record concerning the subject matter inquired of to include, but not be limited to, correspondence (by letter, memoranda, facsimile transmission, computer readable file or form, or other means), accounting entries (either manually created or computer created, including compilations of the same), any reports or submissions to any other entity or persons which includes, in whole or in part, such information, notes (including those of meetings or conversations during which the requested information was discussed), drawings, graphs, charts, photographs, records, tape recordings (audio and video), computer discs, calendars, diaries, journals, notebooks, or other written instrument.

3.   When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and telephone number, and when referring to a natural person, additionally the last known place of employ-

ment. The term specifically includes any governmental agencies, corporations, partnerships, or other types of business entities.

4.     When referring to documents, to "identify" means, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

5.     The term "person" is defined as any natural person or any business, legal or governmental entity or association.

6.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.     The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8.     The use of the singular form of any word includes the plural, and vice versa.

9.     As used herein, "Mrs. Ali" means the Plaintiff, Fatima Ali.

10.     As used herein, "City" or "Defendant City" means the City of Fairfax.

11.     As used herein, "CUE bus" refers to the City University Energysaver bus driven by Defendant "John Doe #1" on the afternoon of August 31, 2012.

12.     As used herein, "Incident" refers to CUE bus incident that occurred on August 31, 2012 on Chain Bridge Road in the City of Fairfax which is the subject of this complaint.

13.     As used herein, "John Doe #1" means the CUE bus driver involved in the August 31, 2012 incident.

3

14.   As used herein, "John or Jane Doe #2" means the CUE bus supervisor responsible for the training and supervision of "John Doe #1".

<u>First Set of Interrogatories</u>

1.   Provide the full name of "John Doe #1", the CUE bus driver who was driving the bus in which Mrs. Ali was a passenger on August 31, 2012.  Please include in your Answer the bus driver's date of employment and, if applicable, date of termination and reason for termination.  If no longer employed by the City, please provide last known forwarding address.

   **ANSWER:**

2.   Provide the full name of "John or Jane Doe #2", the CUE bus supervisor responsible for the training and supervision of "John Doe #1".  Please include in your Answer this individual's date of employment and, if applicable, date of termination and reason for termination.  If no longer employed by the City, please provide last known forwarding address.

   **ANSWER:**

3.   Provide the full name, residential or business address, and telephone number of any witness to the Incident that has been identified by the City, including, but not limited to, any and all passengers of the CUE bus and the police officers who reported to the scene of the Incident.

   **ANSWER:**

4

4.      Identify all persons with knowledge of the facts of this case, including, but not limited to, the witnesses named in your Answer to Interrogatory No. 3 above.  For each person identified, please set out the facts of which they have knowledge.

**ANSWER:**

**FATIMA ALI**

By:_____
                        Counsel

Scott A. Surovell, VSB #40278
Anna K. Dvorchik, VSB #65679
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
ssurovell@siplfirm.com
advorchik@siplfirm.com
*Counsel for Mrs. Ali*

5

VIRGINIA:

FILED
CIVIL INTAKE

2014 AUG 11 PM 3: 07

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX
Civil Division

FATIMA ALI,                          )
                                     )
              Plaintiff,             )
                                     )      Civil Action No. __2014 - 10547__
      v.                             )
                                     )
CITY OF FAIRFAX, et al.              )
                                     )
              Defendants.            )

## MRS. ALI'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CITY OF FAIRFAX

**TO:   CITY OF FAIRFAX**
       Serve:  Brian J. Lubkeman, Esq., City Attorney
       Office of the City Manager, Room 316
       10455 Armstrong Street
       Fairfax, VA 22030

The Plaintiff, FATIMA ALI ("Mrs. Ali") pursuant to Rule 4:9 of the Rules of the

Supreme Court of Virginia, propounds her First Requests for Production of Documents

and Things upon the Defendant CITY OF FAIRFAX, and hereby requests that the

Defendant produce the documents described below to Anna K. Dvorchik, Esq., at the

law offices of SUROVELL  ISAACS  PETERSEN & LEVY, P.L.C., 4010 University Drive,

2nd Floor, Fairfax, VA 22030, within twenty-eight (28) days of their service upon you.

In responding to these requests, please furnish all information available to you,

including information possessed by any agent, employee, or attorney representing you.

### Instructions

      (a)      These Requests are to be considered ongoing, and you are specifically

requested to supplement your responses from time to time through the date of trial to

include information hereafter acquired, whether or not such after-acquired information

would necessitate supplementation of responses under Rule 4:1(e).

(b)     Unless otherwise indicated, these Requests refer to the time, place and circumstances of the occurrence(s) or prayers for relief mentioned or complained of in the pleadings.

(c)     Where knowledge or information in possession of the party is requested, such request includes the knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, such party's attorneys.

## Definitions

1.     As used herein the word "document" or "documents" refers to all writings or other tangible or electronic records, including, but not limited to, all reports and records, charts, correspondence, emails, notes, memoranda, minutes, inventory records, payroll records, corporate records, bills, medical bills, charts, files, reports, notes, X-rays, bank records, accounting records, logs, work reports, ledgers, books of account, tape or other recordings, contracts, files, photographs, drawings, architectural plans, deposition, hearing or trial transcripts, and all other writings or other data compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as phonic (such as recording), or visual reproduction of any oral statement, conversation or event.

2.     The word "document" also includes all copies unless such copies (including any notations and marks thereon) are exact duplicates of documents that are produced.

3.     "File" means any collections or group of documents maintained, held, stored or used together, including, without limitations, all collections of documents

2

maintained, held or stored in folders, notebooks or other devices for separating or organizing documents.

4.      This request is directed at all documents within the possession, custody or control of the Defendant to whom it is addressed, and also includes documents within the possession, custody or control of agents, persons or entities in privity with such Defendant, including past and/or present attorneys.

5.      As used herein, the terms "relating to" and "relates to" mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in a request.

6.      To the extent a privilege is claimed with respect to any document covered by this Request for Production of Documents, please state the following pursuant to R. S. CT. VA. 4:1(b)(6):

      a.      The author of such document.

      b.      to whom such document is addressed.

      c.      the date upon which such document was prepared.

      d.      the title or heading of such document.

      e.      the type of document (e.g., handwritten note, memorandum, tape recording, journal, desk calendar, books of account, etc.).

      f.      any other information which might be necessary to describe such document sufficiently for a designation thereof.

      g.      the present location and custodian of such document; and

      h.      the grounds for claiming privilege.

7.      The pronoun "you" refers to the party to whom these Interrogatories are

3

addressed and the persons indicated in subparagraph (c), above.

8.     The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10.     The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     The use of the singular form of any word includes the plural, and vice versa.

12.     As used herein, "City" or "Defendant City" means the City of Fairfax.

13.     As used herein, "CUE bus" refers to the City University Energysaver bus driven by Defendant "John Doe #1" on the afternoon of August 31, 2012.

14.     As used herein, "Incident" refers to CUE bus incident which occurred on August 31, 2012 on Chain Bridge Road in the City of Fairfax which is the subject of this complaint.

15.     As used herein, "John Doe #1" means the CUE bus driver involved in the August 31, 2012 incident.

16.     As used herein, "John or Jane Doe #2" means the CUE bus supervisor responsible for the training and supervision of "John Doe #1".


First Requests for Documents

1.     Provide a complete copy of the Incident/Accident Report relating to the Incident of August 31, 2012, as submitted or reported by "John Doe #1" to his

4

supervisor, "John or Jane Doe #2", as required by Defendant City's Administrative Regulation Number 7-22.

**RESPONSE:**

2.    Provide copies of all subsequent reports and/or memoranda relating to the Incident which were submitted or reported by "John or Jane Doe #1" to any supervisor, department head, manager, and/or director of Defendant City.

**RESPONSE:**

3.    Provide copies of all reports and/or memoranda relating to the Incident which were submitted or reported by a supervisor, department head, manager and/or director to his or her supervisor and/or any executive of Defendant City.

**RESPONSE:**

4.    Provide copies of all statements, written and/or transcribed, and recordings of statements of any party to the Incident or any witness to the Incident who have been identified by the City and its employees, including, but not limited to, "John Doe #1", the CUE bus passengers, and the police officers who reported to the scene of the Incident.

**RESPONSE:**

5.    Provide a complete copy of the City of Fairfax police department's Incident Report and/or a printout of the computer entry which relates to the police dispatch to the scene of the Incident and the police investigation of the Incident.

5

**RESPONSE:**

6.    Provide copies of all photographs of any individual, item and/or thing which may have been taken by the City of Fairfax police department during the investigation of the Incident while at the scene.

**RESPONSE:**

7.    Provide a copy of the recording of the telephone notification to the City of Fairfax police department in which the Incident was first reported and a copy of the police department's subsequent dispatch notes and records.

**RESPONSE:**

FATIMA ALI

By:_____
                        Counsel

Scott A. Surovell, VSB #40278
Anna K. Dvorchik, VSB #65679
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
ssurovell@siplfirm.com
advorchik@siplfirm.com
*Counsel for Mrs. Ali*

6